**Fill in this information to identify your case:**

Debtor 1: **Rosarheatha** (First Name) _____ (Middle Name) **Aldridge** (Last Name)

Debtor 2 (Spouse, if filing): _____ (First Name) _____ (Middle Name) _____ (Last Name)

United States Bankruptcy Court for the: **Northern** District of: **Illinois** (state)

Case number (if known): **18-34887**

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | Included | Not included |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ | ☑ |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ | ☑ |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ | ☐ |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

$365.00 per month for 36 month(s)

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Official Form 113                Chapter 13 Plan                page 1

Debtor 1 **Rosarheatha** **Aldridge** Case number 18-34887
First Name  Middle Name  Last Name  (if known)

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

- [x] Debtor(s) will make payments pursuant to a payroll deduction order.
- [ ] Debtor(s) will make payments directly to the trustee.
- [ ] Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

- [ ] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- [x] Debtor(s) will treat income tax refunds as follows: "On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee."

**2.4 Additional payments.**

*Check one.*

- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $13,140.00

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check all that apply.*

- [x] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Debtor 1 | **Rosarheatha** | | **Aldridge** | Case number | **18-34887** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(a) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| WESTLAKE FINANCIAL SVC | 2007 Toyota Camry | $7,451.00 | 7.00% | $50.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $8,852.40 |

| Debtor 1 | **Rosarheatha** | | **Aldridge** | Case number | **18-34887** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.4  Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.5  Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor 1 | **Rosarheatha** | | **Aldridge** | Case number | 18-34887 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 5.40% of plan payments; and during the plan term, they are estimated to total $709.56

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,650.00

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

[✓] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

[✓] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

[ ] The sum of
[✓] 10.00% of the total amount of these claims, an estimated payment of $1,140.90
[✓] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00 Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

| Debtor 1 | **Rosarheatha** | | **Aldridge** | Case number | **18-34887** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| DEPT OF ED/NAVIENT | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | $0.00 |

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor 1 | Rosarheatha | | Aldridge | Case number | 18-34887 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon.

*Check the applicable box:*

☐ plan confirmation.
☑ entry of discharge
☐ other

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

1. Commencing with the November 2020 plan payment, Westlake Financial SVC shall receive set payments in the amount of $343.00 per month.

2. Commencing 30 days after the filing of the petition, Westlake Financial SVC shall receive pre-confirmation adequate protection payments in the amount of $50.00 per month.

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

✗ _____    ✗ _____
Signature of Debtor 1                   Signature of Debtor 2

Executed on _____              Executed on _____
                MM / DD / YYYY                          MM / DD / YYYY

✗ /s/ Michael Spangler                  Date    12/27/2018
Signature of Attorney for Debtor(s)             MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $8,852.40 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $4,359.56 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $1,140.90 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | $14,352.86 |